IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TERRY LEE FLOWERS, ) | |
| ) | |
| PLAINTIFF, ) | No. 2:14-cv-00023 |
| ) | Judge Sharp/Bryant |
| v. ) | |
| ) | |
| W.B. MELTON, SHANNON HARVEY, ) | |
| RODNEY PHILLIPS, ) | |
| JOSHUA DENSMORE, and ) | |
| PATRICIA HENSLEY, ) | |
| ) | |
| DEFENDANTS. ) | |

**To:** The Honorable Chief Judge Kevin H. Sharp, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket Entry 23) be **GRANTED.** The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

### I.     Statement of the Case

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Overton County Justice Center (OCJC) in Livingston, Tennessee. (Docket Entry 1). On February 27, 2014, Plaintiff filed his Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entry 1). On March 17, 2014, the District Judge referred this case to the Magistrate Judge. (Docket Entry 3). On October 23, 2014, Defendants filed the instant Motion along with a Memorandum of Law in Support, a statement of undisputed facts, and various supportive

exhibits. (Docket Entry 23-30). Plaintiff has not filed a response and the time to do so has passed. (Docket Entry 12 and 20). Therefore, the matter is now properly before the Court.

## II. Standard of Review

### A. Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (FED. R. CIV. P.), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court must "decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Anderson,* 477 U.S. at 251–52).

"The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Adams v. Rockafellow,* 66 F. App'x 584, 585 (6th Cir. 2003) (unpublished opinion) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Adams,* 66 F. App'x at 585 (citing *Anderson,* 477 U.S. at 248-49; *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir. 1993)). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

If the nonmoving party fails to meet its burden, the Court may rely on the facts advanced by the moving party. *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). However, the Court may not grant a motion for summary judgment simply because a nonmoving party fails to respond. *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005) (unpublished opinion). Instead, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller,* 141 F. App'x at 419 (citation omitted).

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005) (unpublished opinion) (citation omitted).

### B. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and defendants have the burden of establishing this affirmative defense. *Jones v. Bock,* 549 U.S. 199, 212 (2007). Exhaustion "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted). Administrative remedies must be available to inmates. A Court may consider administrative remedies to be unavailable when, for example, "prison officials deny . . . the necessary grievance forms or fail to provide access to grievance forms." *Braswell v. Corr. Corp. of Am.,* 419 F. App'x 622, 626 (6th Cir. 2011) (unpublished opinion) (citation omitted).

### III. Summary of Allegations

Plaintiff identifies Defendant Melton as Sheriff Melton, Defendant Harvey as the OCJC Jail Administrator, and Defendant Phillips, Defendant Densmore, and Defendant Hensley as employees of the OCJC. (Docket Entry 1, pp. 1; 6-7).

First, Plaintiff alleges that he is exposed to "unsafe and unsanitary living conditions." (Docket Entry 1, p. 8). He alleges that on or about December 30, 2013, he was in a unit in which the heat was not working. (Docket Entry 1, p. 10). He alleges that Defendant Densmore entered the cell and informed Plaintiff that Defendant Phillips "had ordered him to . . . confiscate . . . [the] mattress, blanket, sheet, hygiene, bible, and all clothing except for the uniform [he] was . . . wearing." (Docket Entry 1, p. 10). Plaintiff alleges that upon informing Defendant Densmore that he had the flu and needed a blanket, Defendant Densmore responded that "it wasn't his problem and that he was only following orders . . . ." (Docket Entry 1, p. 11). Plaintiff alleges that his items were confiscated for sixteen hours. (Docket Entry 1, p. 11). Within his first claim, Plaintiff also alleges that he "was denied access to the nurse . . . ." (Docket Entry 1, p. 11).

Second, Plaintiff alleges a "[d]enial of religious materials and the ability to attend religious services." (Docket Entry 1, p. 11). In Plaintiff's third claim, he alleges that "Defendant Densmore under the orders of . . . [Defendant] Phillips confiscated . . . [his] legal mail, personal mail, religious mail, paper, stamped envelopes, and writing utencils." (Docket Entry 1, p. 12).

Fourth, Plaintiff alleges that he is "being inadequately housed and fed." (Docket Entry 1, p. 12). He alleges that rust covers everything, the lights remain on all of the time, there is mold in the showers and on the ceilings, there is rust colored water in the sink, and none of the emergency panic buttons work in the jail. (Docket Entry 1, pp. 12-13). Plaintiff also alleges that the food portions are "extremely low." (Docket Entry 1, p. 13).

Fifth, Plaintiff alleges that he is forced to expose himself to officers. He alleges that officers watch him while he uses the bathroom or shower. (Docket Entry 1, pp. 14-15). He alleges that these processes are by order of Defendant Harvey. (Docket Entry 1, p. 14). Sixth, Plaintiff alleges that he lives in fear of Defendant Melton. (Docket Entry 1, p. 15). He alleges that he saw Defendant Phillips and Defendant Melton approach the cell of an inmate, Mr. Dailey. (Docket Entry 1, p. 16). Plaintiff alleges that Defendant Melton began "punching Mr. Dailey and ultimately plac[ed] Mr. Dailey in a headlock, cutting off Mr. Dailey's air supply until he was unconscious. They then dragged Mr. Dailey . . . and placed him in the restraint chair and tightened the restraint belt . . . to intense and crushing pressures." (Docket Entry 1, p. 16).[1]

Seventh, Plaintiff alleges that Defendant Harvey refuses to remove him from protective custody and that he is being held there against his will. (Docket Entry 1, pp. 18-19). Eighth, Plaintiff alleges that Defendant Densmore and Defendant Hensley refused to issue him another tray of food after his tray fell on the floor. (Docket Entry 1, p. 20). Ninth, Plaintiff alleges that he was placed in a "drunk tank or holding cell" from January 03, 2014 to February 03, 2014 and only released to shower. (Docket Entry 1, pp. 20-21).

### IV.     Analysis

Defendants raise two threshold arguments about service of process. Defendants argue that Plaintiff named Defendant Densmore and Defendant Hensley in his Complaint, but failed to issue summonses to them. (Docket Entry 24, p. 1). Defendants also argue that "no service was ever issued as to any [D]efendant in their official capacities." (Docket Entry 24, p. 1).

Generally, a plaintiff "bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant." *Byrd v. Stone*, 94 F.3d 217, 219 (6th

---

1 The Magistrate Judge notes that Plaintiff has not requested class certification and lacks standing to raise claims which pertain to the rights or injuries of other inmates. *See Newsom v. Norris,* 888 F.2d 371, 381 (6th Cir. 1989).

Cir. 1996) (citing Fed.R.Civ.P. 4(c)([3])). However, under Federal FED. R. CIV. P. 4(c)([3]) and 28 U.S.C. § 1915([d]), the U.S. Marshals Service must effectuate service when a plaintiff is proceeding *in forma pauperis*. *Byrd*, 94 F.3d at 219 (citation omitted).

Here, Plaintiff completed summonses for Defendant Harvey, Defendant Melton, and Defendant Phillips. (Docket Entry 6). However, Plaintiff never submitted a summons for Defendant Densmore or Defendant Hensley. (Docket Entry 6). Therefore, the Magistrate Judge recommends dismissal without prejudice as to Defendant Densmore and Defendant Hensley.

The Magistrate Judge recommends dismissal without prejudice as to all claims based on Plaintiff's failure to exhaust administrative remedies, as explained below, and does not reach the argument about failure to serve Defendants in their official capacities.

### i. Exhaustion

Defendants raised the affirmative defense of failure to exhaust in their Answer and in the instant Motion. (Docket Entry 11; Docket Entry 23-24). Defendants support their argument with undisputed facts showing that Plaintiff was informed of and signed a copy of the grievance procedure at the OCJC on December 27, 2013. (Docket Entry 28-2). According to the procedures, prisoners have five days in which to file a grievance after the event in question and then five days in which to appeal a decision. (Docket Entry 28-2).

Here, Plaintiff filed three grievances before he filed his Complaint:

1. February 10, 2014 – Grievance filed pertaining to denial of recreation time;
2. February 11, 2014 – Grievance filed pertaining to being escorted to shower;
3. February 13, 2014 – Grievance filed requesting address of Tennessee Corrections Institute.

(Docket Entry 25, p. 10). Defendants submit copies of these grievances, along with the responses to each, as record exhibits V, W, and X. (Docket Entry 28-21, 28-22, 28-23). However, Plaintiff did not appeal any of the responses or decisions made about these grievances. (Docket Entry 25, p. 10).

Therefore, administrative remedies were available to Plaintiff. Yet, he failed to file a grievance as to all of his claims and he failed to appeal the decisions for the grievances that he did file. The Sixth Circuit has held that a prisoner "cannot simply fail to file a grievance or abandon the process before completion . . . ." *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999) (citation omitted).

Nonetheless, the Magistrate Judge notes Plaintiff's allegation that his fear of Defendant Melton prevents him from filing a grievance. (Docket Entry 1, p. 16). This raises the issue of whether a prisoner's purported fear could excuse failure to exhaust. The Sixth Circuit has held that "nonspecific allegations of fear" do not excuse failure to exhaust. *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989, 998 (6th Cir. 2004). Instead, a prisoner should "have to 'describe with specificity' the factual basis for his fear." *Boyd,* 380 F.3d at 998 (citing *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000) *abrogated by Jones,* 549 U.S. 199)). Of course, *Jones v. Bock* held that a prisoner need not demonstrate exhaustion in his Complaint. *Jones*, 549 U.S. at 216. However, *Jones v. Bock* did not hold that a prisoner need not demonstrate an excuse for his failure to exhaust after defendants raise the affirmative defense.

Here, Plaintiff's allegations are specific. He alleges that on or about January 29, 2014, he witnessed Defendant Melton assault another inmate and that "after witnessing the rage and anger in [Defendant] Melton's actions, I am and will always be to[o] afraid to bring any matter or request to his attention . . . ." (Docket Entry 1, p. 16). However, Plaintiff's actions belie his

purported fear because Plaintiff filed three grievances two weeks after the alleged assault. (Docket Entry 28-21, 28-22, 28-23).

Therefore, Defendants establish that there is no genuine dispute of material fact regarding Plaintiff's failure to exhaust his administrative remedies or Plaintiff's failure to provide any excuse.

## V.     Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket Entry 23) be **GRANTED.** The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 29th day of April, 2015

s/John S. Bryant_____
John S. Bryant
U.S. Magistrate Judge